**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

MAY 21 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KARLA YANIRA MOREIRA-DE SANABRIA,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 12-70927

Agency No. A088-017-750

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2015[**]

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Karla Yanira Moreira-De Sanabria, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's decision denying her

application for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny the petition for review.

The BIA found Moreira-De Sanabria failed to establish past persecution or a well-founded fear of future persecution on account of her social group of small merchants in El Salvador.  Substantial evidence supports the BIA's denial of asylum on this basis.  *See Zetino v. Holder*, 622 F.3d 1007, 1015-16 (9th Cir. 2010); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution").  We lack jurisdiction to consider the contention regarding other social group claims Moreira-De Sanabria did not raise to the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).  Thus, we deny the petition as to asylum.

Because Moreira-De Sanabria failed to establish eligibility for asylum, her withholding of removal claim necessarily fails.  *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the agency's denial of CAT relief because Moreira-De Sanabria failed to show it is more likely than not she will be tortured with the consent or acquiescence of the Salvadoran government if returned

12-70927

to El Salvador.  *See Garcia-Milian v. Holder,* 755 F.3d 1026, 1033-35 (9th Cir. 2014).

**PETITION FOR REVIEW DENIED.**